IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DOROTHY M. CONDRY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. CIV-06-0199-F ) |
| FIELD SUPPORT SERVICES, INC., | ) ) |
| Defendant. | ) |

## ORDER

Before the court is "Defendant's Motion to Dismiss Plaintiff's Public Policy Claim and Claim for Punitive and Compensatory Damages under the ADEA," filed April 10, 2006. (Doc. no. 7.) Any response to the motion was due April 28, 2006. No response has been filed, and no request for an extension of time within which to respond has been filed. Accordingly, the motion is ready for determination.

The standard for evaluating a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) is well established. Courts must accept as true all well-pleaded facts and view those facts in the light most favorable to the non-moving party. Sutton v. Utah State Sch. for Deaf and Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). The court must construe the plaintiffs' allegations liberally because the rules require only general or notice pleading rather than detailed fact pleading so as to do substantial justice. United States v. Uvalde Consol. Indp. Sch. Distr., 625 F.2d 547, 549 (5th Cir. 1980). A claim should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him or her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Having studied the issues, the court finds and concludes that defendant's arguments are correct in all respects.

First, plaintiff's state common law claims of retaliation, race, gender and age discrimination (Count IV) fail to state a claim upon which relief can be granted because there is no private cause of action under the Oklahoma Anti-Discrimination Act. *See*, Collier v. Insignia Financial Group, 981 P.2d 321, 325 (Okla. 1999) (explaining that construction of the Oklahoma Act "leads inescapably to the conclusion that while the [state] Legislature meant to incorporate the policies of Title VII (among other federal acts), it intended that the Act's primary remedial scheme be that afforded by the Fair housing Law," so that housing discrimination victims may elect a civil cause of action under Title 25 of the Oklahoma Statutes while victims of gender-based discrimination, for example, are only provided an administrative remedy).

Second, if a plaintiff has adequate federal remedies she cannot also have a public policy Burk tort for those federally remedied claims. *See*, Clinton v. State ex rel Logan County Election Board, 29 P.3d 543, 546 (Okla. 2001) (employee has no wrongful discharge tort claim where she has adequate federal remedies). Here, plaintiff has adequate federal remedies under Title VII for her race, gender, and retaliation claims, and she has adequate remedies under the ADEA for her age claim. *See, e.g.*, Beaird v. Seagate Tech. Inc., 145 F.3d 1159, 1175-76 (remedies provided by Title VII and ADEA precluded Burk tort claims for age, gender, and race discrimination). Accordingly, plaintiff does not have an independent state common law claim based on a public policy exception to the employment-at-will doctrine. Clinton, 29 P.3d at 546.

Third, defendant is correct that relief provided by the ADEA does not include compensatory damages for emotional distress. C.I.R. v. Schleier, 515 U.S. 323, 326 (1995) ("[T]he Courts of Appeals have unanimously held, and respondent does not

contest, that the ADEA does not permit a separate recovery of compensatory damages for pain and suffering or emotional distress.").

Fourth, punitive damages are not available under the ADEA. <u>Bruno v. Western Elec. Co.</u>, 829 F.2d 957, 967 (10th Cir. 1987).

In conclusion, defendants' arguments are correct and plaintiff has, moreover, confessed those arguments. "Defendant's Motion to Dismiss Plaintiff's Public Policy Claim and Claim for Punitive and Compensatory Damages Under the ADEA" is **GRANTED**. Plaintiff's state common law claims (Count IV) and plaintiff's claims for compensatory and punitive damages under the ADEA (stated in a portion of the prayer) are **DISMISSED** under Rule 12(b)(6), Fed. R. Civ. P.

Dated this 3rd day of May, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0199p002(pub).wpd